JOHN A. AND MARY L. BATOK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Batok v. Commissioner
Docket No. 18571-91.
United States Tax Court
T.C. Memo 1992-727; 1992 Tax Ct. Memo LEXIS 774; 64 T.C.M. (CCH) 1605; December 28, 1992, Filed *774 Decision will be entered under Rule 155. John A. Batok, pro se. For Respondent: Dale Raymond. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180-182. [1] Respondent determined a deficiency in petitioners' Federal income tax for 1988 in the amount of $ 1,693, plus an addition to tax of $ 58 under section 6653(a)(1). After concessions by petitioners, [2] the issues for decision are: (1) Whether petitioners are liable for self-employment tax; (2) whether petitioners are entitled to deductions for unclaimed business expenses; and (3) whether petitioners are liable for the additions to tax as determined by respondent. *775 Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein, petitioners resided in Garden Grove, California. Petitioners bear the burden of showing that respondent's determinations are erroneous. Rule 142(a); . During 1988, petitioner wife was employed as a salesperson at Mervyn's Department Stores. Petitioner husband (hereafter referred to as petitioner) was retired. Prior to his retirement, petitioner had been an automobile mechanic. In addition, during the year at issue and for some time prior thereto, petitioner had been interested in stained and engraved glass. However, by petitioner's admission, such activity was a hobby and any sales of the stained or engraved glass were de minimis. Sometime during 1988, petitioner was informed by a friend that M. David Paul & Associates (M. David Paul) needed someone to help install office windows. Prior to accepting this job, petitioner had never engaged in this type of work. The job lasted for approximately 1 month, for which *776 petitioner received compensation in the amount of $ 4,124.19. In early 1989, M. David Paul issued petitioner a Form 1099-MISC, reporting the $ 4,124.19 as non-employee compensation. Petitioners filed a joint Federal income tax return for 1988 with the Internal Revenue Service on March 23, 1989. On their return for 1988, petitioners failed to report $ 53 of interest income, $ 2,114.17 from an IRA distribution, and $ 4,124.19 of compensation from M. David Paul. Although petitioner did not consider himself to be engaged in the trade or business of glass installation, staining, or engraving, he decided that if the IRS was going to treat him as having received self-employment income, then he is entitled to deduct the expenses which he believed to be attributable to such trade or business. Thus, on or about April 15, 1991, petitioners submitted a Form 1040X, Amended U.S. Individual Income Tax Return, containing a Schedule C which reflected income of $ 4,176 and a loss of $ 3,022. The Schedule C contained the following claimed deductions: Advertising
$   320
Car/truck expenses
3,000
Depreciation
1,693
Dues/publications
85
Insurance
434
Mortgage interest
189
Laundry/cleaning
120
Legal/professional services
300
Repairs
75
Supplies
180
Taxes (license)
48
Utilities/telephone
450
Meals/entertainment
304
$ 7,198
*777 The $ 4,176 consisted of gross receipts of $ 4,124 less "returns and allowances" of $ 124 plus "other income" of $ 176. Petitioner stated the $ 124 was his cost of some tools, but he cannot recall the origin of the $ 176. In any event, it is not relevant herein, as respondent has not determined that amount to be income. Respondent did not accept petitioners' amended return, and on July 31, 1992, issued a notice of deficiency determining that petitioner had failed to report interest, an IRA distribution, and nonemployee compensation. Respondent determined therein that petitioners were liable for self-employment tax on the nonemployee compensation received. Self-employment tax
We first decide whether the payment received from M. David Paul constitutes self-employment income within the meaning of section 1401 and is subject to self-employment tax. [3] Section 1402(a) defines "net earnings from self-employment" subject to tax to mean "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions * * * which are attributable to such trade or business". Section 1402(c) provides that the term "trade or business", as used *778 for purposes of the self-employment provisions, generally has the same meaning as when used with respect to section 162. Generally, to be engaged in a trade or business, the taxpayer must be involved in the activity with continuity, regularity, and the taxpayer's purpose must be for income or profit. A sporadic activity, hobby, or amusement does not qualify. . The Supreme Court has further stated that whether a taxpayer is engaged in a trade or business is a question of fact. . We believe that petitioner's installation of windows for M. David Paul does not rise to the level of a trade or business. Petitioner's activity, although *779 engaged in for profit, was neither continuous nor regular. Petitioner had never installed windows prior thereto nor at any time thereafter. Rather, petitioner's activity was a "one-time job". . Accordingly, petitioners are not liable for self-employment tax on the compensation received from M. David Paul. Substantiation
Although petitioner's activity of installing windows fails to rise to the level of a trade or business, deductions are still allowed for the ordinary and necessary expenses incurred for the production of income. Sec. 212(1); . However, deductions claimed pursuant to section 212 are only allowable to taxpayers who itemize. Sec. 211. [4] Petitioners did not itemize deductions on their 1988 tax return. Moreover, for 1988, petitioners are allowed a standard deduction of $ 5,000 in lieu of itemized deductions. Sec. 63(c)(2). Thus, petitioners' itemized deductions, including any section 212 deductions, would need to exceed $ 5,000 to have any tax impact. *780 Deductions are strictly a matter of legislative grace, and petitioners bear the burden of proving they are entitled to the deductions claimed. Rule 142(a); . If a claimed deduction is not adequately substantiated, we may be permitted to estimate expenses when we are convinced from the record that the taxpayer has incurred such expenses, and we have a basis upon which to make an estimate. ; . Petitioner has failed to substantiate many of the expenses claimed, as he has kept no records and has presented no substantiating evidence, such as receipts or cancelled checks. The expenses claimed for car/truck expenses, depreciation, and insurance (totaling $ 5,127) pertain to nondeductible commuting expense. Petitioner also testified that some of the expenses claimed did not pertain to the activity for which he was claiming them. The only expense which petitioner has adequately substantiated is $ 124 for tools. Therefore, petitioners have *781 not substantiated any deductible expenses in excess of their allowed standard deduction. Accordingly, we sustain respondent on this issue. Additions to tax
Respondent also determined an addition to tax for negligence under section 6653(a)(1). Negligence under section 6653(a)(1) is the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioners also have the burden of proof on this issue. . Based on this record, we believe that petitioners acted negligently. Petitioners' failure to report the interest, IRA distribution, and nonemployee compensation which they received constituted negligence. Accordingly, we sustain respondent on this issue. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners have conceded that they failed to report $ 53 of interest income, an IRA distribution of $ 2,114.17, and $ 4,124.19 of nonemployee compensation. In addition, petitioners have conceded various losses which they claimed they incurred in 1988.↩
3. Neither party raised this issue, but it became obvious to the Court during trial that the issue (which represents a substantial portion of the deficiency determined) should be considered, and the parties were advised of same.↩
4. Only sec. 212 expenses attributable to property held for the production of rents or royalties are deductible from gross income in determining adjusted gross income. Sec. 62(a)(4).↩